People v Perez (2020 NY Slip Op 01260)





People v Perez


2020 NY Slip Op 01260


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11085 5029/15

[*1] The People of the State of New York, Respondent,
v
Lorenzo Perez, Defendant-Appellant.


Christina Swarns, Office of The Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered September 14, 2016, convicting defendant, after a jury trial, of four counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of two to four years, unanimously affirmed.
As the People concede, a wanted poster containing a photograph depicting defendant and the codefendant (taken from a surveillance videotape that was also in evidence) was not probative of any issue raised at trial. Nevertheless, any error regarding the poster was harmless (see People v Crimmins , 36 NY2d 230 [1975]). In its redacted form, the poster only contained factual information otherwise known to the jury through the video and the victim's statement. Defendant's assertion that the jury may have found something sinister about the presence of obvious redactions rests on speculation.
The court, which permitted defendant to introduce his codefendant's plea allocution as a declaration against penal interest, providently exercised its discretion in redacting potentially misleading portions (see generally People v Primo , 96 NY2d 351, 355 [2001]). The court also providently exercised its discretion in precluding defendant from impeaching the victim with her failure to offer certain information in her first 911 call, because the omission did not qualify as a prior inconsistent statement (see People v Bornholdt , 33 NY2d 75, 88 [1973], cert denied sub nom. Victory v New York , 416 US 905 [1974]). Defendant's arguments relating to another declaration by the codefendant, and the victim's second 911 call, are waived
or unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK